UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL EUGENE GRIMAGE,

    Plaintiff,

v.                                Case No. 3:24-cv-1119-MMH-MCR

DOCTOR ANGEL ACEVEDO, et al.,

    Defendants.

## ORDER

Plaintiff Michael Eugene Grimage, an inmate of the Florida Department of Corrections, initiated this action on October 25, 2024, by filing a pro se Complaint for Violation of Civil Rights (Doc. 1) under 42 U.S.C. § 1983. The Court afforded Grimage an opportunity to amend his Complaint, see Doc. 8, and he now proceeds on an Amended Complaint (AC; Doc. 9). In the AC, Grimage names as Defendants: (1) Doctor Angel Acevedo; (2) Doctor Michael Collins; (3) Michelle Hall; and (4) Gina Bennett. See AC at 2–3. He alleges that Defendants Acevedo and Collins acted with deliberate indifference to his serious medical needs when they "refuse[d] to properly treat [the] evident injuries" that Grimage sustained during uses of force on November 26, 2022, and May 21, 2023. Id. at 4. According to Grimage, Defendants Hall and

Bennett's "irrational responses" to and destruction of his grievances concerning his medical care violated due process. See id. at 5.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[1] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears

---

[1] Grimage proceeds as a pauper. See Order (Doc. 4).

that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

4

elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the AC, the Court must read Grimage's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of

5

Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709)).

With respect to Grimage's deliberate indifference claim, the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526–27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer, 511 U.S. at 834). As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Specifically, the Eleventh Circuit has instructed that to establish liability on an Eighth Amendment deliberate indifference claim, the plaintiff must show:

6

> First . . . as a threshold matter, that he suffered a deprivation that was, "objectively, 'sufficiently serious.'" [Farmer, 511 U.S. at 834].
>
> Second, . . . that the defendant acted with "subjective recklessness as used in the criminal law," id. at 839, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." Id. at 844-45.

Wade v. McDade, 106 F.4th 1251, 1261 (11th Cir. 2024) (enumeration and emphasis omitted);[3] see Stalley v. Cumbie, 124 F.4th 1273, 1283 (11th Cir. 2024) (recognizing that to prevail on a deliberate indifference claim, a plaintiff must show that he suffered "an objectively serious medical need," and that the defendant acted with deliberate indifference to that need, meaning that the defendant "(1) had subjective knowledge of a risk of serious harm, (2)

---

[3] For decades, the Eleventh Circuit has described a "more than mere negligence" or "more than gross negligence" standard in determining whether an official acted with deliberate indifference to an inmate's serious medical need. Wade, 106 F.4th at 1255. In Wade, the Eleventh Circuit determined that those standards conflicted with the Supreme Court's decision in Farmer and clarified that courts in this circuit should apply the "subjective recklessness" standard "as used in the criminal law." Id. at 1253. The Court notes that the Honorable Adalberto Jordan wrote a concurrence to the majority's opinion in Wade, finding that to the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with Wade, "they should continue to be cited as binding precedent." Id. at 1265 (Jordan, J., concurring).

disregarded that risk, and (3) engaged in conduct that amounts to subjective recklessness" (internal quotations and citations omitted)).

"As applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285. Importantly, medical treatment gives rise to a constitutional violation "only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1271 (11th Cir. 2020) (quotations omitted). Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). Thus, a complaint that a medical provider has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (quotations and citation omitted).

Liberally read, Grimage's AC fails to present allegations sufficient to support a claim for an Eighth Amendment violation against Defendants

8

Acevedo and Collins. His claims are conclusory in nature and devoid of facts that would allow the Court to draw a reasonable inference that Defendants violated Grimage's constitutional rights. For example, Grimage alleges Defendants Acevedo and Collins did not properly treat his injuries, but he fails to specify when he sought medical care, which injuries he sought medical care for, and what actions Defendants Acevedo and Collins took, if any, in response to his complaints.

Notably, the Court afforded Grimage an opportunity to amend his Complaint, and in doing so, explained the following:

> [Grimage] must factually describe the actions or omissions of each defendant that caused his injury. Indeed, [Grimage's] allegations in the Complaint regarding his medical care, or lack thereof, are conclusory. He cannot simply describe the events without specifically discussing who did what. And he cannot just generally allege that a defendant violated his rights, as conclusory statements are insufficient to state a claim.

Doc. 8 at 3. Nevertheless, Grimage still fails to specify what each Defendant individually did or failed to do in delaying or denying medical care for his injuries. In short, Grimage does not set forth a short and plain statement of his entitlement to relief such that Defendants Acevedo and Collins have fair

9

notice of the claims against them and the facts underlying those claims. See Twombly, 550 U.S. at 555.

Insofar as Grimage asserts that Defendants Hall and Bennett violated his constitutional rights by denying or destroying his grievances, he fails to state a claim. Not addressing a grievance in the manner a prisoner would like, without more, does not render an individual liable for the underlying constitutional violation. See Jones v. Eckloff, No. 2:12-cv-375-FtM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013)[4] ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." (collecting cases)).

There are circumstances in which a defendant's failure to act in response to an inmate's grievances may result in a constitutional violation. See Goebert v. Lee Cnty., 510 F.3d 1312, 1327–29 (11th Cir. 2007) (finding that a defendant's lack of action in response to an inmate's written complaint amounted to deliberate indifference and the delay attributable to the

---

[4] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

defendant's deliberate indifference may have caused the inmate's injury). In Goebert, a pregnant pretrial detainee submitted a medical complaint form, wherein she requested to see an obstetrician or a doctor outside of the county jail. 510 F.3d at 1318. The plaintiff alleged in her complaint that she had leaked amniotic fluid for approximately nine days, she had not felt any movements from her baby, and she had a history of miscarriages. Id. The defendant, a facility commander, responded that medical could arrange an appointment at her expense, despite the plaintiff noting in her complaint that medical staff had "ignored her daily requests for aid and had already failed to set up an appointment for her with an outside obstetrician." Id. at 1328. In finding that the defendant was not entitled to summary judgment, the Eleventh Circuit noted that the inmate's written complaint contained sufficient information to provide the defendant with subjective knowledge of her serious medical need, and his failure to take action in response to her complaint because he did not believe her amounted to deliberate indifference. Id. at 1327–28.

But the facts of this case are distinguishable from those in Goebert. Whereas the defendant in Goebert completely disregarded his duty to investigate the inmate's time-sensitive serious medical complaints, prison

11

officials considered and addressed Grimage's complaints. See Doc. 9-1. For instance, in response to a grievance appeal, Defendant Hall noted that she had reviewed records available to her and determined that medical had provided treatment plans for Grimage's medical concerns, but he had refused to adhere to them. See id. at 11. These responses reflect that prison officials inquired into the matter and did not "deliberately disregard, without any investigation or inquiry," Grimage's complaints. Goebert, 510 F.3d at 1328.

Moreover, inmates have "no constitutionally protected liberty interest in access to the prison's grievance procedure." Moore v. McLaughlin, 569 F. App'x 656, 659 (11th Cir. 2014)[5] (per curiam); see Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (per curiam) (finding the plaintiff failed to state a claim because he merely "alleged that his prison grievances were either ignored or wrongly decided or that prison officials did not properly follow the prison's own grievance procedures"). Thus, to the extent Grimage alleges that Defendants Hall and Bennett denied him due process in the grievance procedure, such allegations fail to state a claim.

---

[5] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Therefore, it is now **ORDERED:**

1.      This case is **DISMISSED without prejudice**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of October, 2025.

*[Signature]*
**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 9/25
c:    Michael Eugene Grimage, #415545